**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**STEVEN LEE KLINE,**

    **Plaintiff,**

                            **Civil Action 2:21-cv-531**
        **v.**                    **Judge James L. Graham**
                            **Magistrate Judge Chelsey M. Vascura**

**GARY ARTRIP,**

    **Defendant.**


**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Steven Lee Kline, an Ohio inmate who is proceeding without the assistance of

counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendant, Gary Artrip,

who appears to be a medical professional employed by the Ohio Department of Rehabilitations

and Corrections ("ODRC"), alleging that he received inadequate medical treatment from Mr.

Artrip.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28

U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of

Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608

(6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, the undersigned

**RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims pursuant to § 1915(e)(2)

for failure to state a claim on which relief may be granted and **DISMISS** his state-law claims **WITHOUT PREJUDICE**.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 4.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statements reveal that he cannot pay the filing fee because he currently possesses only $162.53 in his prison account.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number A595944) at Chillicothe Correctional Institution ("CCI") is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

2

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to his Complaint, in 2019, Plaintiff underwent an emergency procedure to treat acute pancreatitus.  Plaintiff alleges that as a result of this emergency surgery, he must cope with a painful unhealed surgical wound, which entails dressing the wound daily and will ultimately require a follow-up surgery.

Plaintiff appears to maintain that but for the incompetence of Defendant Artrip and other CCI medical professionals, he could have avoided this emergency procedure.  Plaintiff explains that before undergoing emergency surgery, he presented for medical treatment "at least 9 times." (Compl. 5, ECF No. 1 at PAGEID # 6.)  His first visit was with Defendant Artrip, who tested him for hepatitis C because Plaintiff's eyes "had a yellow color to them."  (*Id*.)  Although Plaintiff's hepatitis C test came back as negative, he continued to seek treatment each time he felt he was having a gallbladder attack.  Plaintiff alleges because the testing performed came back negative, he was "road blocked," adding that his treatment visits with Defendant Artrip "lead to nothing but suffering."  (*Id*.)

In terms of relief, Plaintiff seeks an order requiring ODRC to "relieve [Defendant] Artrip from his duties" or alternatively requiring Defendant Artrip to be further educated before continuing to practice at CCI.  (*Id*. at PAGEID # 7.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

To the extent Plaintiff seeks to advance an Eighth Amendment medical indifference claim, it is **RECOMMENDED** that the Court **DISMISS** that claim.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011); *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

6

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id*. at 591 (quotation marks and citation omitted).

Here, nothing in Plaintiff's Complaint reveals that Defendant (or individuals who Plaintiff might seek to add as defendants) were aware of facts from which they could infer that Plaintiff faced a substantial risk of serious harm and that they consciously disregarded that risk. To the contrary, Plaintiff acknowledges that when he presented for treatment, he received a battery of tests. Plaintiff does not identify what additional testing or treatment he should have instead received. But even assuming Defendant and the other CCI medical professionals who treated Plaintiff were negligent in assessing Plaintiff's condition, such negligence or medical malpractice is insufficient to state an Eighth Amendment medical indifference claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Relatedly, "[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003). *See also Apanovitch v. Wilkinson*,

7

32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

To the extent Plaintiff seeks to advance a state-law negligence or medical malpractice claim, it is **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over these claims and **DISMISS** those claims **WITHOUT PREJUDICE**.  *See* 28 U.S.C. § 1367(c)(3).

## IV.

Plaintiff's motion seeking leave to proceed *in forma pauperis* is **GRANTED**.  (ECF No. 4.)  In addition, for the reasons set forth above, it is **RECOMMENDED** that Plaintiff's federal claim be **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2) and that the Court decline to exercise supplemental jurisdiction over his state-law claims and **DISMISS** those claims **WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


 /s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

9